## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| **Plaintiff,** | Case No. CR15-2020 |
| vs. | ORDER FOR PRETRIAL DETENTION |
| JOSE MIGUEL MACHORRO-XOCHICALE, | |
| **Defendant.** | |

On the 1st day of July, 2015, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Daniel C. Tvedt. The Defendant appeared personally and was represented by his attorney, Rockne Cole.

### I. RELEVANT FACTS AND PROCEEDINGS

On June 24, 2015, Defendant Jose Miguel Machorro-Xochicale was charged by Indictment (docket number 2) with unlawful use of identification documents (Count 1) and misuse of social security number (Count 2). At the arraignment on June 29, 2015, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on August 24, 2015.

Daniel Wildhagen, an enforcement agent with Immigration and Customs Enforcement ("ICE") testified regarding the circumstances underlying the instant charges. Wildhagen testified that he was contacted by other law enforcement officers and asked to investigate the identity of a person working at Mehmert Tiling. When Wildhagen went to the site, he reviewed I-9 forms for Jose <u>Miguel</u> Machorro-Xochicale (the Defendant) and

for Jose Guadalupe Machorro-Xochicale. Attached to Defendant's I-9 form were copies of a social security card and a permanent resident card bearing Defendant's photo. Upon investigation, it was determined that the social security number was not a valid number, and while the permanent resident card had a valid number, it was assigned to someone else. When Wildhagen interviewed Defendant, Defendant admitted that he had purchased the documents in Chicago for $200 and knew that they were "false" or "not real."[1]

According to the pretrial services report, Defendant is 28 years old. Defendant was born in Mexico and his parents and four siblings continue to reside in Mexico. Defendant told the pretrial services officer that he has not traveled outside of the United States since illegally entering the country in 2002. Agent Wildhagen testified that Defendant told him he had entered the country in 2004.[2]

Defendant told the pretrial services officer that he has been in a relationship with Jenna Montes for the past eight years and they have one daughter, age six months. According to Defendant, they are not legally married. Ms. Montes advised the pretrial services officer, however, that she believes that they have a "common law" marriage. Ms. Montes also stated that she and Defendant have three other children (ages 7, 5, and 1) who are in the custody of Ms. Montes' mother. According to Ms. Montes, she and the Defendant have lost their parental rights to those children. The reasons for that action do not appear in the pretrial services report.

---

[1] Defendant denied knowing or being related to Jose Guadalupe Machorro-Zochicale. Agent Wildhagen testified, however, that he later received a phone call from Defendant's girlfriend, who indicated that the two were brothers.

[2] This distinction may be significant on the issue of whether Defendant will be permitted to remain in the United States. According to Defendant's attorney, *if* Defendant entered the United States before turning age 16 and has remained in the United States continuously since that time, he may qualify for a program which would allow him to remain in the United States.

Defendant told the pretrial services officer that he has been employed by Mehmert Tiling for the past eight years. According to the I-9, however, Defendant's first day at work was November 3, 2014. Defendant is in good physical health, does not suffer from any mental illness, and denies abusing alcohol or using any kind of illegal controlled substances.

In 2008, Defendant was charged in Winneshiek County, where he resides, with operating a motor vehicle while intoxicated. Defendant failed to appear for a pretrial conference and a warrant was issued for his arrest. That warrant remains active. Mr. Cole advised the Court, however, that he has spoken with the prosecutor in Winneshiek County, and it is anticipated that the warrant will be withdrawn. Mr. Cole also indicated that he anticipates Defendant will plead guilty to the OWI charge.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

3

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on

4

probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with unlawful use of identification documents and misuse of social security number. For the reasons set forth below, the Court finds that detention is authorized pursuant to 18 U.S.C. § 3142(f)(2)(A).

The weight of the evidence against Defendant is strong. Defendant admitted that he purchased an invalid social security number and a permanent resident card in Chicago for $200. Defendant admitted that he knew the documents were false, but that he needed them to obtain employment. Defendant is in the country illegally. There is currently an ICE detainer in place. Mr. Cole reported, however, that he is hopeful there is a "path forward" for Defendant to remain legally in the United States. If Defendant is released, Mr. Cole believes that he may qualify for a work authorization. It is unknown whether Defendant would be released from ICE custody, however, and Agent Wildhagen testified that any work authorization would take several months. The Court is principally concerned about Defendant's failure to appear for criminal proceedings in state court. A warrant has been outstanding for his arrest since 2008. Even if the arrest warrant is withdrawn, Defendant's failure to appear is a factor to be considered in determining his risk of flight. Defendant could easily remove any electronic monitoring device and quickly leave the state.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial.

5

Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## III. ORDER

IT IS THEREFORE ORDERED as follows:

1.     The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2.     The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3.     On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4.     The time from the filing of Defendant's motion for detention hearing (June 29, 2015) to the filing of this Ruling (July 1, 2015) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act.  18 U.S.C. § 3161(h)(1)(D).

DATED this 1st day of July, 2015.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA